IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marquis Grampus,<br><br>                        Plaintiff,<br><br>vs.<br><br>Deputy Warden Harouff, Sgt. Zappola, E. Osbourne,<br><br>                       Defendants. | C/A No. 6:23-CV-01804-JFA-KFM<br><br><br>**ORDER** |

Plaintiff Marquis Grampus ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

Plaintiff's Complaint was entered on the docket on May 1, 2023. (ECF No. 1). On June 12, 2023, the Magistrate Judge assigned to this action[1] issued an Order informing Plaintiff that his Complaint was subject to dismissal because it failed to state a claim upon which relief may be granted. (ECF No. 13). The Magistrate Judge allowed Plaintiff fourteen (14) days to cure the identified deficiencies by filing an amended complaint or the Magistrate Judge would recommend the Complaint be dismissed. *Id.* On June 22, 2023, Plaintiff filed an Amended Complaint. (ECF No. 16). After reviewing the Amended

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report") and opines Plaintiff's Amended Complaint should be summarily dismissed with prejudice and without further leave to amend. (ECF No. 16). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report which was entered on the docket on July 10, 2023. (ECF No. 24). Plaintiff timely filed objections to the Report on August 10, 2023. (ECF No. 18). Thus, this matter is ripe for review.

## I.     LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## II.     DISCUSSION

Plaintiff is a state prisoner in custody of the South Carolina Department of Corrections ("SCDC") and currently housed at Perry Correctional Institution ("Perry"). Plaintiff has brought the instant § 1983 action against Defendants Deputy Warden Harouff and Sgt. Zappola, E. Osbourne (collectively "Defendants") alleging they violated his constitutional rights. Plaintiff's claims appear to arise out of an incident which occurred in January of 2023 when he alleges he was subjected to cruel and unusual punishment, deliberate indifference, and violation of his due process rights. Plaintiff alleges Defendants forced him to remain in the shower from 8:30 a.m. until 1:00 p.m. and as a result, he suffered physical and emotional pain. Plaintiff has asserted the following claims against

Defendants: (1) due process claim; (2) conditions of confinement claim; (3) verbal abuse claim; (4) food claim; and (5) deliberate indifference to medical needs claim. The Report walks through each claim along with Plaintiff's supporting allegations and finds Plaintiff has failed to state a claim for relief within his Amended Complaint.

In his objections, Plaintiff states (1) his right to due process was violated because he was put on shower restriction for thirty days and (2) he was subjected to cruel and unusual punishment for being forced to stand in the shower for several hours. This Court finds Plaintiff's objections are non-specific because he fails to point to a specific error in the Report. Although Plaintiff states his rights were violated, he does not explain how the Report erred in finding his rights were not violated based on both of circumstances.

Nonetheless, this Court has reviewed the Report along with the Amended Complaint and Plaintiff's objections and finds the Report is correct. Specifically, as to Plaintiff's due process claim, the Report found it failed because Plaintiff did not allege a protected liberty interest. This Court agrees as the Supreme Court has stated a change in a prisoner's conditions of confinement only gives rise to a federally protected liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995) (finding no liberty interest when inmate placed in segregated confinement). Regardless of whether Plaintiff is referring to the disciplinary action he faced after the shower incident or the shower restriction as punishment, this Court finds the Report is correct that Plaintiff has not alleged a protected liberty interest. Thus, Plaintiff's objection as to the alleged violation of his right to due process is overruled.

As to Plaintiff's objection regarding his claim for cruel and unusual punishment, it suffers from the same deficiencies as the previous one. Plaintiff fails to point to a specific error in the Report wherein the Magistrate Judge found Plaintiff failed to state a claim for relief. Nevertheless, this Court agrees with the Report's finding. The Report explains Plaintiff must demonstrate he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Plaintiff's allegation that he was kept in the shower from 8:30 a.m. to 1:00 p.m. does not demonstrate a deprivation of a basic human need. Thus, this Court agrees with the Report and Plaintiff's objection as to his claim for cruel and unusual punishment is overruled.

### III.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Report and Recommendation (ECF No. 24) in full and summarily dismisses Plaintiff's Amended Complaint with prejudice, without further leave to amend and without issuance and service of process. (ECF No. 16).

IT IS SO ORDERED.

October 11, 2023                                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                                              United States District Judge

5